# EXHIBIT A

# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 21484316
Date Processed: 05/07/2020

| | |
|---|---|
| **Primary Contact:** | Cindy Whitman<br>Energy Transfer Partners, L.P.<br>1300 Main Street<br>Suite 12.093D<br>Houston, TX 77002 |
| **Electronic copy provided to:** | Tonja De Sloover<br>Anne Mitzelfelt<br>Keegan Pieper<br>Peggy Harrison<br>Janie Aranda<br>Robert Fung<br>Stephanie Altman<br>Kylie Kroschel<br>Lawri Lynch<br>Jim Wright<br>Stephen Metzler<br>Elaine Peace |
| **Entity:** | Aloha Petroleum, Ltd.<br>Entity ID Number 3438031 |
| **Entity Served:** | Aloha Petroleum, Ltd. |
| **Title of Action:** | Ralph I. Kehano, Jr. vs. Aloha Petroleum, Ltd. |
| **Matter Name/ID:** | Ralph I. Kehano, Jr. vs. Aloha Petroleum, Ltd. (8334781) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Circuit Court of the First Circuit, HI |
| **Case/Reference No:** | 1CCV-19-0002180 |
| **Jurisdiction Served:** | Hawaii |
| **Date Served on CSC:** | 05/06/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Charles H. Brower<br>808-526-2688 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "A"

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695

Attorneys for Plaintiff
Ralph I. Kehano, Jr.

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-19-0002180**
**20-NOV-2019**
**12:51 PM**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| RALPH I. KEHANO, JR.,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALOHA PETROLEUM, LTD., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>        Defendants. | CIVIL NO. 1CCV-19-0002180<br>(Other Civil Action)<br><br>COMPLAINT; SUMMONS |

<u>COMPLAINT</u>

COMES NOW, Plaintiff RALPH I. KEHANO, JR., by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai`i.
Dated at: Honolulu, Hawai`i 20-NOV-2019, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai`i 

## FACTS

1.  Plaintiff RALPH I. KEHANO, JR. (hereinafter "KEHANO") was at all times mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2.  Defendant ALOHA PETROLEUM, LTD., (hereinafter "ALOHA") is a domestic profit corporation incorporated and doing business in the State of Hawaii.

3.  The Defendants named in this Complaint under the names of JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5 and DOE GOVERNMENTAL AGENCIES 1-5 (hereinafter "DOE DEFENDANTS") are persons, organizations or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence. They are sued in this Complaint under fictitious names. Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues and Plaintiff is informed and believes and thereupon alleges that direct or indirect conduct of these other Defendants, presently unknown to Plaintiff, was or may have been a proximate cause of the incident complained of and/or the damage or loss thereby sustained by Plaintiff as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for the said losses sustained, inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

4. Plaintiff was hired by Defendant ALOHA in November 2010.

5. On January 17, 2018, Plaintiff was wrongfully terminated from employment with Defendant ALOHA as a Transportation Driver.

6. Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission (HCRC) which was assigned FEP No. 20161, and Equal Employment Opportunity Commission (EEOC) which was assigned EEOC No. 37B-2018-00172.

7. On August 22, 2019, the HCRC issued a Notice of Dismissal and Right to Sue letter. Therefore Plaintiff has exhausted his administrative remedies.

8. The Charge of Discrimination to the HCRC alleged discrimination due to age (59 years old) and disability (asthma).

9. Plaintiff alleges the following facts in support of his claims herein:

    A. Plaintiff was hired by Defendant ALOHA in November 2010.

    B. On January 17, 2018, Plaintiff was called into a meeting by Jenifer Metrose, Terminal Manager (hereinafter "METROSE") and Peter Kealoha, Supervisor (hereinafter "KEALOHA").

    C. Defendant ALOHA's Terminal Manager METROSE informed Plaintiff that he was being discharged for three infractions: for a misload in mid-December 2017, being out sick with bronchitis and an ear infection in late-December 2017 - early January 2018, and an overfill spill in early January 2018. Plaintiff was only responsible for the incident in mid-December 2017.

3

D. Plaintiff was sick based on his disability and his doctor placed Plaintiff out of work. Plaintiff submitted doctor's notes.

E. Plaintiff was wrongfully discharged from employment with Defendant ALOHA based on his physical disability because Plaintiff was informed that part of the reason he was being discharged related to his physical disability.

F. Plaintiff was also wrongfully discharged from employment with Defendant ALOHA because of his age, and because Plaintiff is a senior employee who was going to retire in a few years.

G. Plaintiff was fully qualified for his position with Defendant ALOHA. If not for Plaintiff's age (59 years old) and disability (asthma), Plaintiff would not have been wrongfully discharged from employment with Defendant ALOHA.

## COUNT I

## VIOLATION OF STATE DISCRIMINATION LAWS

10. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

11. The actions of Defendant's agents and employees were in violation of Hawaii Revised Statutes § 378-2(1) and (3) in that Plaintiff was wrongfully terminated, and suffered discrimination in terms, conditions, and privileges of his employment due to his age and a disability.

12. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of Hawaii Revised Statutes § 378-2(1) and (3).

13. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

14. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

15. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

16. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to his position with Defendant ALOHA with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, November 20, 2019.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Ralph I. Kehano, Jr.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| RALPH I. KEHANO, JR., | CIVIL NO. _____ |
| Plaintiff, | (Other Civil Action) |
| | SUMMONS |
| vs. | |
| ALOHA PETROLEUM, LTD., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5, | |
| Defendants. | |

**Electronically Filed
FIRST CIRCUIT
1CCV-19-0002180
20-NOV-2019
02:31 PM**

## SUMMONS

TO THE DEFENDANTS:

You are hereby summoned and required to file with the Court and to serve upon plaintiff's attorneys, whose addresses are stated above, an answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OR CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.
FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.

DATED: Honolulu, Hawaii, 11/20/2019_____.



/S/ P. NAKAMOTO
CLERK OF THE COURT